IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:02CR409 |
| v. | |
| JOE R. LOCKETT, | ORDER |
| Defendant. | |

This matter is before the Court on interested party Eddie Robinson's ("Robinson") Motion for Leave (Filing No. 119). Through counsel, Robinson is seeking state post-conviction relief based in part on the allegation that Joe R. Lockett ("Lockett") received favorable treatment at sentencing for testifying against Robinson. Robinson's counsel previously asked for access to certain sealed documents in Lockett's criminal case to determine whether there was a "violation of the state prosecutor's constitutional duty to disclose material evidence favorable to the defense." *See Giglio v. United States*, 405 U.S. 150, 153-55 (1972).

The Court entered an Order (Filing No. 112) allowing Robinson's counsel to obtain copies of the documents at Filing Nos. 43, 44, 45, 47, 48, 50, 51, 52, 53, 55, 56, 65, 66, and 67 and the transcripts from Filing Nos. 45, 52, 55, 68, 84, and 99. At that time, the Court specifically instructed that those "documents and transcripts shall not be used for any other purpose without further order of the Court." In accordance with that order, Robinson's counsel now seeks leave *only* to "show the contents" of certain documents to Robinson and potential witnesses and to "quote from these documents in an amended postconviction motion to be filed in state court." He does not seek to unseal the documents, only to use them for those limited purposes. At the Court's request, the government responded and generally opposes the motion, noting safety risks for Lockett, the lack of evidence of a *Giglio* violation, and the questionable relevancy of the documents.

After a careful review, the Court finds Robinson's motion should be granted. Although the government expresses concern for Lockett's safety, Robinson and Lockett are not housed in the same facility, and as Robinson's counsel points out, "Robinson has known of the specific allegations made by Mr. Lockett but has never taken any action in the way of retaliation" against him. *But cf. Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (finding the district court did not abuse its discretion in refusing to unseal criminal documents because the public's interest in access did not outweigh the potential safety risk to the defendant). Robinson's counsel also points out his burden to present certain evidence in the state-court proceedings, and the Court finds it is reasonable that he be able to use and cite from these documents. *See* Fed. R. Crim. P. 49.1(e); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir.2006) (noting that "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches").

Accordingly, Eddie Robinson's Motion for Leave (Filing No. 119) is granted.

IT IS SO ORDERED.

Dated this 1st day of July 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge